UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELVIN RUANO LEIVA,

                              Petitioner,

    V.

CHRISTOPHER SHANAHAN,
 Field Office Director,
 New York Field Office,
 U.S. Immigration and Customs Enforcement,

                              Respondent.

Civil Action No. _____

MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS, ORDER TO SHOW CAUSE, AND TEMPORARY RESTRAINING ORDER

## PRELIMINARY STATEMENT

Petitioner ELVIN RUANO LEIVA is a Nassau County Resident with a US Citizen minor child with a disability. Petitioner is the primary caregiver and breadwinner for the household.

ICE continues to detain Petitioner at the Nassau County Detention Center. His detention serves no legitimate immigration purpose and violates the Fifth Amendment, the Trafficking Victims Protection Reauthorization Act ("TVPRA"), and the Flores Settlement Agreement. Immediate habeas relief is required.

## LEGAL STANDARD

Federal courts have jurisdiction under 28 U.S.C. § 2241 to review the legality of immigration detention. *Hechavarria v. Sessions*, 891 F.3d 49, 54 (2d Cir. 2018). Detention must bear a reasonable relation to its purpose; when it does not, it becomes unlawful. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

**ARGUMENT**

## I. Petitioner's Continued Civil Immigration Detention Violates the Fifth Amendment's Due Process Clause

Immigration detention is civil in nature and may not become punitive. See Zadvydas v. Davis. Civil detention must bear a reasonable relation to its regulatory purpose—ensuring appearance at proceedings and effectuating removal.

Here, Petitioner's continued detention is excessive and unreasonable in light of:

- His lack of dangerousness;
- His strong family and community ties;
- His role as the primary (or essential) caregiver of a U.S. citizen child suffering from serious health conditions; and
- The substantial constitutional interests implicated by the separation of parent and child.

Prolonged detention without adequate procedural safeguards violates due process. See Jennings v. Rodriguez (recognizing availability of constitutional challenges to prolonged detention). Where detention extends beyond a brief, reasonable period and removal is not imminent, continued confinement without meaningful review is unconstitutional.

## II. The Government's Interest in Detention Is Outweighed by Petitioner's Fundamental Liberty Interests and the Severe Harm to His U.S. Citizen Child

The Supreme Court has long recognized the fundamental liberty interest parents have in the care, custody, and control of their children. See Troxel v. Granville.

Although immigration detention is civil, it directly and profoundly interferes with this protected parent-child relationship. In this case, the constitutional injury is particularly acute because:

- The child is a U.S. citizen;
- The child suffers from serious medical conditions requiring ongoing care;
- Petitioner provides essential emotional, logistical, and/or financial support necessary for the child's treatment; and
- The child's health has materially deteriorated (or risks deterioration) due to Petitioner's confinement.

The government's regulatory interests cannot justify detention that causes extraordinary and disproportionate harm to a medically vulnerable U.S. citizen child—particularly where less restrictive alternatives (e.g., bond, supervision, electronic monitoring) are available.

## III. Petitioner Is Not a Danger to the Community and Presents No Meaningful Flight Risk

Under 8 U.S.C. § 1226(a), detention is discretionary and must be justified by individualized findings of danger or flight risk.

Petitioner:

- Has no (or minimal) criminal history;'

- Has strong community ties;

- Has resided in the United States for a significant period;

- Has compelling humanitarian reasons to remain and comply with proceedings; and

- Has a powerful incentive to appear in court to pursue relief and remain with his U.S. citizen child.

The existence of a seriously ill U.S. citizen child dramatically reduces any risk of flight. Separation from that child is itself a powerful guarantee of compliance.

Without individualized findings supported by clear and convincing evidence, continued detention is arbitrary and violates procedural due process.

# IV. Prolonged Detention Without a Constitutionally Adequate Bond Hearing Violates Procedural Due Process

Even if initial detention was permissible, due process requires meaningful review once detention becomes prolonged.

Courts have recognized that the longer civil detention continues, the greater the procedural protections required. See Demore v. Kim (upholding brief detention while noting its limited duration).

Where detention becomes extended and removal is not reasonably foreseeable in the near term, due process requires:

1. A prompt bond hearing;

2. Placement of the burden on the government; and

3. Proof by clear and convincing evidence that detention is necessary.

Absent these safeguards, Petitioner's confinement is unconstitutional.

# V. The Extraordinary Medical Hardship to a U.S. Citizen Child Renders Continued Detention Excessive in Relation to Its Purpose

Under substantive due process principles articulated in Zadvydas v. Davis, detention must remain reasonably related to its regulatory purpose.

Here, detention:

- Inflicts severe and foreseeable harm on a medically fragile U.S. citizen child;
- Disrupts continuity of care and parental involvement critical to treatment;
- Imposes punitive family separation consequences disproportionate to the government's regulatory objectives.

When less restrictive alternatives exist that would equally ensure appearance at proceedings, continued detention becomes excessive and constitutionally impermissible.

# VI. Habeas Relief Is Warranted

Federal courts retain jurisdiction under 28 U.S.C. § 2241 to review constitutional challenges to immigration detention. See INS v. St. Cyr.

Petitioner does not challenge the merits of removal proceedings, but rather the legality of continued detention under the Constitution.

Given the:

- Fundamental parental liberty interests at stake;

- Severe medical hardship to a U.S. citizen child;

- Lack of individualized findings justifying detention; and

- Availability of less restrictive alternatives,

the Court should order:

- Immediate release; or

- In the alternative,

- A prompt bond hearing at which the government bears the burden of proving by clear and convincing evidence that detention is necessary.

## CONCLUSION

For the foregoing reasons, the Court should grant the Petition for a Writ of Habeas Corpus, order Petitioner's immediate release, and enjoin ICE from re-detaining him absent lawful authority.

Dated: February 26, 2026

Respectfully submitted,

Pallvi Babbar, Esq.
Attorney for Respondent
Babbara & Associates P.C
3601 Hempstead Turnpike Ste 312
Levittown, NY 11756
(516)-228-0111

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civil Action No. _____

ELVIN RUANO LEIVA,

Petitioner,

V.

DECLARATION OF ATTORNEY

CHRISTOPHER SHANAHAN,
 Field Office Director,
 New York Field Office,
 U.S. Immigration and Customs Enforcement,

Respondent.

I, **Pallvi Babbar, Esq.**, declare under penalty of perjury as follows:

1. I am an attorney admitted to practice before this Court and counsel for Petitioner ELVIN RUANO LEIVA.

2. ICE continues to detain Petitioner at the **Nassau County Detention Facility**. In my professional judgment, ICE lacks lawful authority to continue his detention.

3. Each additional day of detention causes **irreparable harm**, including psychological distress, disruption of family unity with his guardian, and interference with education and stability.

4. Petitioner has complied with all immigration court appearances, and presents **no risk of danger or flight**.

5. Emergency judicial intervention is necessary to prevent ongoing constitutional violations.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 26, 2026

Respectfully submitted,

Pallvi Babbar, Esq.
Attorney for Respondent
Babbara & Associates P.C
3601 Hempstead Turnpike Ste 312
Levittown, NY 11756
(516)-228-0111

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civil Action No. _____

ELVIN RUANO LEIVA,

Petitioner,

V.

PROPOSED ORDER

CHRISTOPHER SHANAHAN,
 Field Office Director,
 New York Field Office,
 U.S. Immigration and Customs Enforcement,

Respondent.

Upon consideration of the Emergency Petition for Writ of Habeas Corpus, the Memorandum of Law, and the Declaration of counsel, it is hereby:

**ORDERED** that the Petition for a Writ of Habeas Corpus is **GRANTED**; and it is further

**ORDERED** that Respondent shall **IMMEDIATELY RELEASE** Petitioner ELVIN RUANO LEIVA from ICE custody; and it is further

**ORDERED** that Respondent is **ENJOINED** from re-detaining Petitioner absent a clear showing of lawful authority consistent with this Order; and it is further

**ORDERED** that Respondent shall file written confirmation of compliance within **24 hours**; and it is further

**ORDERED** that the Court retains jurisdiction to enforce this Order.

SO ORDERED.

Dated: _____
 New York, New York

_____
United States District Judge
Eastern District of New York