# Exhibit D

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
HARLINGEN, TEXAS

IN THE MATTER OF:                        DATE: Mar 30, 2006
2RUANO- ORELLANA, ELVIN

                                         CASE NO.  A00-120-748

RESPONDENT IN REMOVAL PROCEEDINGS        DECISION

Jurisdiction was established in this matter by the filing of the Notice to
Appear issued by the Immigration and Naturalization Service, with the
Executive Office for Immigration Review and by service upon the
respondent.  See 8 C.F.R. sections 3.14(a), 103.5a.

The respondent was provided written notification of the time, date and
location of the respondent's removal hearing.  The respondent was also
provided a written warning that failure to attend this hearing, for other
than exceptional circumstances, would result in the issuance of an order of
removal in the respondent's absence provided that removability was established.
Despite the written notification provided, the respondent failed to appear
at his/her hearing, and no exceptional circumstances were shown for his/her
failure to appear.  This hearing was, therefore, conducted in absentia pursuant
to section 240(b)(5)(A) of the Immigration and Nationality Act.

[ ]  At a prior hearing the respondent admitted the factual allegations
     in the Notice to Appear and conceded removability.  I find
     removability established as charged.

[X]  The Immigration and Naturalization Service submitted documentary
     evidence relating to the respondent which established the truth
     of the factual allegations contained in the Notice to Appear.  I
     find removability established as charged.

I further find that the respondent's failure to appear and proceed with
any applications for relief from removal constitutes an abandonment
of any pending applications and any applications the respondent may have
been eligible to file.  Those applications are deemed abandoned and
denied for lack of prosecution.  See Matter of Pearson, 13 I&N Dec. 152
(BIA 1969); Matter of Perez, 19 I&N Dec. 433 (BIA 1987); Matter of R-R,
20 I&N Dec. 547 (BIA 1992).

ORDER:  The respondent shall be removed to GUATEMALA or in the
alternative to                                      on the charge(s)
contained in the Notice to Appear.

                         _____
                         WILLIAM C. PETERSON
                         Immigration Judge

cc:  Assistant District Counsel
     Attorney for Respondent/Respondent                        Z1

3JG