UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civil Action No. 2:26-cv-01162-SJB

ELVIN RUANO LEIVA,

Petitioner,

V.

CHRISTOPHER SHANAHAN,
 Field Office Director,
 New York Field Office,
 U.S. Immigration and Customs Enforcement,

Respondent.

PETITIONER'S REPLY MEMORANDUM
OF LAW IN FURTHER SUPPORT OF HIS
PETITION FOR WRIT OF HABEAS
CORPUS

## I. INTRODUCTION

Petitioner respectfully submits this Reply Memorandum in further support of his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

Respondent's Opposition attempts to justify Petitioner's detention based on an in absentia removal order that Petitioner never knew existed. The record is clear: Petitioner did not receive notice of his removal hearing, was unaware that an order of removal had been entered against him, and did not even know his A-number until very recently when he sought legal assistance.

His continued detention pursuant to a constitutionally defective removal order violates the Due Process Clause of the Fifth Amendment and exceeds statutory authority. Moreover, Petitioner is the primary caregiver and financial provider for his U.S. citizen child with special needs, who is primarily dependent upon him for daily care and stability.

This Court should grant the writ.

## II. THE IN ABSENTIA REMOVAL ORDER WAS ENTERED WITHOUT ACTUAL NOTICE, RENDERING DETENTION UNLAWFUL

The Fifth Amendment guarantees that no person shall be deprived of liberty without due process of law. See Zadvydas v. Davis. Immigration detention is subject to constitutional limitations, particularly where it flows from a legally defective removal order.

Under INA § 240(b)(5)(C)(ii), an in absentia removal order must be rescinded if the noncitizen did not receive notice of the hearing. The Board has recognized that the presumption of delivery may be rebutted through sworn affidavits and circumstantial evidence. See Matter of M-R-A-.

Here:

- Petitioner never received notice of a hearing date;
- He never received a written removal order;
- He did not knowingly fail to appear;
- He did not know removal proceedings had concluded;
- He did not even know his A-number until recently.

An individual actively evading proceedings does not remain unaware of the existence of his own immigration case. The absence of even basic identifying information underscores the lack of actual notice.

Because the underlying order is subject to mandatory rescission for lack of notice, detention premised upon that order is constitutionally infirm.

## III. DETENTION BASED ON A CONSTITUTIONALLY DEFECTIVE ORDER VIOLATES DUE PROCESS

Immigration detention is civil, not punitive. See Demore v. Kim. Its legitimacy depends upon valid statutory authority and procedural fairness.

Where a removal order was entered without constitutionally adequate notice, continued detention serves no legitimate regulatory purpose. The Supreme Court has cautioned that immigration detention must bear a reasonable relation to its purpose and cannot become arbitrary or indefinite. See Zadvydas v. Davis.

Here, detention is predicated on an order that Petitioner never had an opportunity to contest. The deprivation of liberty under these circumstances is fundamentally inconsistent with due process.

## IV. PETITIONER ACTED WITH DILIGENCE UPON LEARNING OF THE ORDER

Upon discovering the existence of the in absentia removal order, Petitioner:

1. Immediately sought legal counsel;
2. Obtained his A-number for the first time;
3. Initiated efforts to challenge the order;

4. Filed the instant habeas petition to protect his constitutional rights.

This diligence strongly supports his credibility and rebuts any suggestion of evasion.

## V. PETITIONER'S DETENTION IMPOSES SEVERE HARDSHIP ON HIS U.S. CITIZEN CHILD WITH SPECIAL NEEDS

Petitioner is the primary caregiver and financial provider for his U.S. citizen child, who has documented special needs.

The child depends upon Petitioner for:

- Daily supervision and care;
- Transportation to medical and therapeutic appointments;
- Emotional and developmental support;
  Financial stability.

The Supreme Court has repeatedly recognized the importance of family unity and the constitutional protections afforded to liberty interests involving family relationships. See Troxel v. Granville.

Petitioner's continued detention not only violates his own liberty interests but also inflicts profound harm upon a vulnerable U.S. citizen child.

## VI. THIS COURT RETAINS HABEAS JURISDICTION TO REVIEW UNLAWFUL DETENTION

While removal orders themselves are generally reviewed in the Courts of Appeals under 8 U.S.C. § 1252, federal district courts retain jurisdiction under § 2241 to review challenges to the legality and constitutionality of immigration detention. See INS v. St. Cyr.

Petitioner does not ask this Court to adjudicate the merits of removability. Rather, he challenges the legality of his present detention, which rests upon a removal order entered without notice in violation of due process.

Such claims fall squarely within this Court's habeas jurisdiction.

## VII. THIS COURT RETAINS HABEAS JURISDICTION OVER PETITIONER'S POST-REMOVAL DETENTION

Respondent may argue that the REAL ID Act divests this Court of jurisdiction because the detention arises from a final order of removal. That argument misstates the scope of the jurisdiction-stripping provisions.

The REAL ID Act, codified at 8 U.S.C. § 1252(a)(5), channels **direct review of removal orders** exclusively to the Courts of Appeals. However, it does **not** eliminate district court habeas jurisdiction over challenges to the legality or constitutionality of immigration detention.

The Supreme Court has long recognized that § 2241 remains available to test the legality of executive detention. See INS v. St. Cyr. While the REAL ID Act altered the forum for challenging removal orders, it did not eliminate habeas jurisdiction over detention claims.

The Second Circuit has repeatedly confirmed that district courts retain jurisdiction over post-removal detention challenges under § 2241. See, e.g., Wang v. Ashcroft (recognizing habeas jurisdiction over immigration detention) and Hechavarria v. Sessions (distinguishing between challenges to removal orders and challenges to detention authority).

Petitioner does not ask this Court to vacate or review the merits of the removal order itself. Rather, he challenges:

1.   The constitutional validity of detention predicated upon an in absentia order entered without notice; and

2.   The lawfulness of continued custody under 8 U.S.C. § 1231(a) where removal is not reasonably foreseeable and due process was never afforded.

These are classic habeas claims squarely within this Court's jurisdiction.

Indeed, where detention becomes prolonged or constitutionally suspect, federal courts retain authority to grant relief. See Zadvydas v. Davis.

Accordingly, this Court possesses jurisdiction under 28 U.S.C. § 2241 to review the legality of Petitioner's continued post-removal-order detention.


**VIII. DETENTION UNDER 8 U.S.C. § 1231(a) IS UNLAWFUL BECAUSE REMOVAL IS NOT REASONABLY FORESEEABLE AND THE UNDERLYING ORDER IS CONSTITUTIONALLY DEFECTIVE**

Respondent is expected to argue that detention is mandatory under 8 U.S.C. § 1231(a)(2) during the 90-day removal period and authorized thereafter under § 1231(a)(6). However, that authority is not unlimited.

## A. The Removal Period Has Expired

If the 90-day removal period has elapsed, detention falls under § 1231(a)(6), which the Supreme Court has interpreted to contain implicit constitutional limitations.

In Zadvydas v. Davis, the Court held that post-removal detention under § 1231(a)(6) is presumptively reasonable only for six months. After that period, once a noncitizen provides good reason to believe that removal is not reasonably foreseeable, the Government must rebut that showing.

Here, removal is not reasonably foreseeable because:

- Petitioner is actively challenging the in absentia removal order for lack of notice;
- The validity of the order itself is legally contested;
- The Government cannot execute removal while the legality of the underlying order remains unresolved;
- Travel document procurement (if applicable) has not been completed.

Where removal is legally or practically impeded, continued detention serves no permissible regulatory purpose under Zadvydas.

## B. Detention Cannot Be Sustained Where the Underlying Removal Order Was Entered Without Notice

Even apart from Zadvydas limitations, detention under § 1231 presupposes a valid and executable removal order.

An in absentia order entered without actual notice violates due process and is subject to mandatory rescission under INA § 240(b)(5)(C)(ii). The Supreme Court has emphasized that civil detention must be reasonably related to its purpose and cannot become arbitrary. See Demore v. Kim.

Here, the regulatory purpose of § 1231 detention is to effectuate removal. But where:

- The removal order was entered without notice;
- Petitioner was unaware of proceedings;
- He did not even know his A-number until recently;
- He has initiated proceedings to rescind the order;

continued detention is not meaningfully connected to effectuating removal. Instead, it becomes punitive and constitutionally infirm.

**C. Due Process Requires at Minimum an Individualized Determination of Flight Risk and Danger**

If the Court declines to order immediate release, due process at minimum requires an individualized bond hearing before a neutral decision-maker at which the Government bears the burden of justifying continued detention by clear and convincing evidence.

Prolonged civil detention without procedural safeguards violates the Fifth Amendment. See Zadvydas v. Davis.

Petitioner is:

- The primary caregiver of a U.S. citizen child with special needs;
- Deeply rooted in the community;
- Motivated to pursue lawful relief;
- Not a flight risk.

Detention under § 1231(a) cannot be mechanically imposed without constitutional scrutiny.

## X. CONCLUSION AS TO POST-REMOVAL DETENTION

Section 1231(a) does not authorize indefinite or constitutionally defective detention. Under Zadvydas, once removal is not reasonably foreseeable, continued custody violates the Due Process Clause. Where the underlying order was entered without notice, detention is further tainted by fundamental procedural defects.

This Court retains habeas jurisdiction to remedy unlawful executive detention. Petitioner respectfully requests:

1. Immediate release under reasonable supervision; or

2. In the alternative, an individualized bond hearing at which the Government bears the burden of proof.

Dated: March 2, 2026
Respectfully submitted,

Pallvi Babbar, Esq.
Babbar and Associates PC
3601 Hempstead Tpke, Ste 312
Levittown NY 11756