Certificate #: U-000117598-F

Page 1 of 2



# NASSAU DISTRICT COURT

99 Main Street, Hempstead, NY 11550

Phone: (516) 493-4200

**FEE**
Non-Public
Version

Court ORI: NY029013J

| | |
|---|---|
| The People of the State of New York<br>vs.<br>**Elvin Ruano-Leiva** | **Certificate of Disposition**<br>Docket Number:   **CR-001308-19NA** |

CJTN:                68879209J
NYSID:              14549641L

Defendant DOB: **11/01/1988**                Arrest Date: **01/13/2019**        Arraignment Date: **01/13/2019**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Nassau District Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | VTL 1192 02 UM Oper MV Bac .08 Of 1% -1st Off | UM | Reduced to (Count #4) | 03/15/2019 |
| 2 | VTL 1192 03 UM DWI- 1st Offense | UM | Covered by (Count #4) | 03/15/2019 |

| Count # | Ticket No. | Incident Date | Sentence Charge | Charge Description | Charge Weight | Conviction Type | Conviction/ Sentence Date | Sentence Highlight |
|---|---|---|---|---|---|---|---|---|
| 3 | BF7300543 | 01/13/2019 | VTL 1110 0A | Failure To Obey Traffic Device | I | Pled Guilty | Conv: 03/15/2019 Sent: 03/15/2019 | • Fine ($50.00 - due 03/15/2019)<br>• Surcharge (MS ($55.00), Addtl ($28.00), CVAF ($5.00) - due 03/15/2019) |
| 4 | BF7300576 | 01/13/2019 | VTL 1192 01 | DWAI Alcohol | I | Pled Guilty | Conv: 03/15/2019 Sent: 03/15/2019 | • License Suspended (90 Days)<br>• Fine ($300.00 - due 03/15/2019)<br>• Conditional Discharge (1 Years)<br>• Surcharge (MS ($55.00), Addtl ($170.00), Supp ($25.00), CVAF ($5.00) - due 03/15/2019) |
| 5 | BF7300532 | 01/13/2019 | VTL 0509 01 | MV License Viol:No License | I | Pled Guilty | Conv: 03/15/2019 Sent: 03/15/2019 | • Fine ($75.00 - due 03/15/2019)<br>• Surcharge (MS ($55.00), Addtl ($28.00), CVAF ($5.00) - due 03/15/2019) |

**All fines, fees & surcharges imposed at sentence are paid in full.**

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felon

Dated:    **March 2, 2026**

_____
Chief Clerk/Clerk of the Court

ANGELA DILBERTI

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

Certificate #: U-000117598-F

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]

Conviction charges may not be the same as the original arrest charges.

Charges may not be the same as the original arrest charges.